**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALAN J. TRUELOVE,
Plaintiff-Appellant,

v.

No. 95-3009

VIRGINIA R. HEATH; FRANK
MEADOWS; HARRY OLTHOFF,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CA-94-1068-2)

Submitted: March 26, 1996

Decided: May 22, 1996

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed in part, reversed in part by unpublished per curiam opinion.

_____

**COUNSEL**

Alan J. Truelove, Appellant Pro Se. Robert Bruce Rae, RAE, BERG-
STROM & RAE, P.L.C., Virginia Beach, Virginia; William Frederick
Burnside, Virginia Beach, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Each of the Appellees in this case filed a motion in the district court for Fed. R. Civ. P. 11 sanctions against Appellant Alan J. Truelove. The district court granted the motions and ordered Truelove to pay sanctions to Virginia R. Heath in the amount of $1,883.33, to Frank Meadows in the amount of $1,437.50, and to Harry Olthoff in the amount of $1,437.50. For the reasons that follow, we reverse the portion of the district court's order imposing sanctions in favor of Meadows and Olthoff and affirm the remainder of the order.

I.

In November 1994, Truelove filed a civil action alleging that Defendants violated his constitutional rights by making false statements to the Norfolk Juvenile and Domestic Relations District Court during a hearing to determine custody of Truelove and Heath's two children. Truelove sued Heath, as well as Meadows and Olthoff, therapists who treated his children, under 42 U.S.C.§§ 1983, 1985(3) (1988).

On January 6, 1995, Heath sent Truelove a letter informing him that, pursuant to Rule 11, he had twenty-one days to withdraw or dismiss his complaint. Heath stated that she intended to file a motion for sanctions if, at the end of the twenty-one day period, Truelove had not withdrawn his complaint. On April 21, Meadows and Olthoff sent a similar letter to Truelove.

On May 2, the district court granted Appellees' motions to dismiss, finding that Truelove had failed to state a § 1983 claim because none of the Appellees were state actors. In addition, the district court held that Truelove's complaint was insufficient to state a § 1985(3) claim because it contained only conclusory allegations of conspiracy. In addition, Truelove's allegations that Defendants discriminated against him based on his national origin (Truelove is a dual citizen of England and the United States) were unsupported by the factual allegations of his complaint. Truelove did not appeal the dismissal of his action.

2

Heath filed a motion for Rule 11 sanctions on May 16, and Meadows and Olthoff did likewise on June 2. The district court determined that sanctions were appropriate. After Defendants submitted statements of costs and attorney fees, the court ordered Truelove to pay sanctions in the amounts specified above. Truelove timely appealed.

II.

On appeal, Truelove contends that Meadows and Olthoff's motion did not satisfy the twenty-one day "safe harbor" provision in Rule 11 because the case was dismissed before the twenty-one day period had expired. We agree.

In 1993, Rule 11 was amended, and a "safe harbor" provision was added. The relevant provision of Rule 11 states:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Civ. P. 11(c)(1)(A).

In interpreting Rule 11, we give the rule its plain meaning. Pavelic & Le Flore v. Marvel Entertainment Group, 493 U.S. 120, 123 (1989). When interpretation is necessary, we consider the purposes of the rule, including the deficiencies in its prior form that the 1993 revisions were intended to address. See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 392 (1990).

Meadows and Olthoff argue that they served Truelove twenty-one days before filing for sanctions with the court, and thus, they complied with Rule 11. However, the safe harbor provision was intended to allow the timely withdrawal of pleadings to protect an offending

3

party from sanctions. Fed. R. Civ. P. 11 advisory committee's note. The advisory committee's note on the 1993 amendment also states that "[g]iven the `safe harbor' provisions. . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Ordinarily, a motion for sanctions should be served promptly after the inappropriate paper is filed. Id.

In this case, Meadows and Olthoff delayed five months after the complaint was filed before serving Truelove with a motion for sanctions. The record reflects that this delay was unnecessary. This conclusion is further supported by the fact that Heath served her motion based on the same pleading over three months before Meadows and Olthoff did so.

When a Rule 11 movant fails to serve the other party twenty-one days prior to filing a motion for sanctions with the court, sanctions should be denied. Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995) (plain language of the rule makes safe harbor notice mandatory); Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995). Eleven days after Truelove was served with the motion for sanctions, the district court dismissed the action. Although he was served before the conclusion of the case, the action was dismissed before the twenty-one day period had expired. Rule 11 and the accompanying note both plainly state that a litigant should have twenty-one days in which to rectify an offending allegation or contention. Once the district court dismissed his case, Truelove was no longer able to correct his error. Therefore, Truelove was not given the twenty-one day period mandated by Rule 11. Accordingly, we reverse the portion of the order of the district court granting Meadows and Olthoff's motion for sanctions.

III.

It is undisputed that Heath served and filed her motion in accordance with Rule 11. We have reviewed the record and the district court's opinion and find no reversible error in the district court's grant of Heath's motion for sanctions. Accordingly, we affirm the award of sanctions to Heath on the reasoning of the district court. Truelove v. Heath, No. CA-94-1068-2 (E.D. Va. Oct. 20, 1995). We dispense

4

with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; REVERSED IN PART